UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF NAME,<br><br>Bret Schumacher<br><br>v.<br><br>DEFENDANT NAME,<br><br>Leah Kittle. | Civil Action No.: 2:26-cv-756-DCN-MGB |

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. This action seeks emergency federal relief to preserve the status quo of a federally guaranteed VA residential property serving as the primary residence of a minor child and to prevent imminent irreparable harm arising from the attempted unilateral sale or encumbrance of that property.

2. The Property located at 1579 Old Rivers Gate Road, Mount Pleasant, South Carolina 29466 is subject to a federally guaranteed VA mortgage loan issued pursuant to federal statute and regulation.

3. Plaintiff is a service-connected disabled veteran and the obligor on the federally backed mortgage instrument.

4. Defendant has initiated or caused actions consistent with listing, marketing, or preparing the Property for sale without Plaintiff's consent.

5. The minor child residing at the Property has expressed concern regarding housing stability and the potential sale.

6. Absent immediate relief, the Property may be transferred, encumbered, or contractually bound to third parties, creating irreversible consequences affecting:
   - Federally secured mortgage interests,
   - Property rights,
   - Housing stability of a minor child,
   - Plaintiff's federal benefits position.
7. Plaintiff seeks narrowly tailored relief preserving the status quo pending expedited hearing.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).
9. Federal jurisdiction is proper because the Property is secured by a federally guaranteed VA loan, and the relief sought implicates federal mortgage protections and federally regulated instruments.
10. Venue is proper in the District of South Carolina, Charleston Division, because:
    - The Property is located in Mount Pleasant, South Carolina;
    - The minor child resides at the Property;
    - The operative events occurred within this district.

## III. PARTIES

11. Plaintiff Bret Schumacher is a service-connected disabled veteran and obligor under the VA-guaranteed mortgage loan.
12. Defendant Leah Kittle resides in Mount Pleasant, South Carolina and is listed on the Property deed but is not the primary obligor under the federally guaranteed mortgage.

## IV. FACTUAL BACKGROUND

### A. The Federally Backed VA Property

13. The Property is secured by a VA-guaranteed mortgage loan.
14. Plaintiff remains legally obligated under that loan.

2

15. The Property serves as the primary residence of the parties' minor child.

### B. Listing and Marketing Activity

16. Plaintiff has received multiple third-party automated communications consistent with listing-triggered public record alerts.

17. These communications are consistent with:

    - MLS activation,
    - Listing-related deed alerts,
    - Mortgage monitoring triggers.

18. Plaintiff has not authorized any listing, sale, refinancing, or encumbrance of the Property.

19. Defendant has not obtained Plaintiff's consent for any sale.

### C. Minor Child Housing Stability

20. The minor child has expressed concern regarding the potential sale of the Property.

21. Housing stability is central to the child's educational continuity and emotional stability.

22. Any sale or transfer would materially disrupt that stability.

### D. Federal Interests Implicated

23. The Property is federally guaranteed through the VA.

24. Sale or encumbrance could affect:

    - Federal guaranty exposure,
    - Contractual mortgage rights,
    - Federally protected financial instruments.

25. These are not purely domestic property issues; they implicate federal regulatory framework

### E. Immediacy

26. Third-party listing triggers indicate imminent risk of contractual activity.

27. Once the Property is:

- Placed under contract,
- Subject to escrow,
- Conveyed,

- Encumbered,

28. Third-party rights may vest, creating complex and potentially irreversible consequences.

## V. CLAIM FOR DECLARATORY RELIEF

29. An actual controversy exists regarding the authority to sell or encumber the Property.

30. Plaintiff seeks declaratory relief confirming that:

- No unilateral sale or encumbrance may proceed absent proper authorization,
- Status quo must be preserved pending judicial review.

## VI. CLAIM FOR TEMPORARY RESTRAINING ORDER

(Fed. R. Civ. P. 65)

### A. Likelihood of Success

31. Plaintiff maintains enforceable property and contractual interests.

32. The VA mortgage instrument creates federally regulated obligations.

33. Unilateral sale without consent would violate property and contractual protections.

### B. Irreparable Harm

34. Real property transfer constitutes classic irreparable harm.

35. Title transfer cannot be undone through monetary damages alone.

36. Third-party rights may vest.

37. Housing stability of a minor child would be disrupted.

38. Federal mortgage implications cannot be retroactively unwound.

### C. Balance of Equities

39. The requested relief preserves the status quo only.

40. It does not:

- Transfer ownership,
- Alter custody,
- Dispossess Defendant.

41. Defendant suffers no prejudice from temporary preservation.

42. Plaintiff and the minor child face irreversible harm absent relief.

### D. Public Interest

43. Protecting federally backed mortgage instruments serves the public interest.

44. Preserving housing stability of a minor child serves the public interest.

45. Maintaining the status quo pending orderly judicial review serves the public interest.

## VII. REQUEST FOR EXPEDITED HEARING

46. Plaintiff requests expedited hearing for preliminary injunction consideration.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Issue a Temporary Restraining Order enjoining any sale, listing, marketing, refinancing, transfer, or encumbrance of the Property;

B. Preserve current occupancy conditions;

C. Set an expedited hearing for preliminary injunction;

D. Waive bond pursuant to Rule 65(c) or set minimal bond;

E. Grant such other relief as the Court deems just and proper.

## IX. VERIFICATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on FEBRUARY 23 , 2026.

_____
Bret Schumacher

Plaintiff, Pro Se

341 McFee Road

Knoxville, TN 37934

bretschumacher@gmail.com